NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROCELIA JERONIMO DOMINGO DE CRUZ; et al.,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   20-72765<br><br>Agency Nos.   A208-304-629<br>A208-304-630<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Rocelia Jeronimo Domingo de Cruz and her child, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

their application for asylum, withholding of removal, and relief under the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

As to petitioners' claim of past persecution based on insults and mistreatment Domingo de Cruz experienced as a child, substantial evidence supports the agency's determination that the experiences did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks omitted)). As to harm from gang members, substantial evidence also supports the agency's determination that petitioners did not establish a nexus to a protected ground, including their Mayan ethnicity. *See INS v. Elias-Zacarias,* 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). To the extent petitioners contend they established membership in a particular social group, we lack jurisdiction to consider the issue. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). We also

20-72765

lack jurisdiction to consider petitioners' contention that the IJ erred in analyzing past persecution. *See id.* We reject as unsupported by the record petitioners' contention that the BIA erred in analyzing past persecution.

As to petitioners' claim of future persecution, substantial evidence supports the agency's determination that petitioners failed to establish their fear is objectively reasonable. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"); *see also Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable, in part, because similarly-situated family members remained in petitioner's home country unharmed); *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995) (evidence of discrimination was insufficient to establish a well-founded fear of persecution).

Thus, petitioners' asylum and withholding of removal claims fail.

In light of this disposition, we do not reach petitioners' remaining contentions regarding their asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

In the opening brief, Domingo de Cruz does not challenge, and therefore waives, the agency's denial of her CAT claim. *See Lopez-Vasquez v. Holder*, 706

20-72765

F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in his opening brief).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**